IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MICHAEL ANTHONY TORREY,

    Plaintiff,

vs.                                                                         Case No. 4:14cv623-RH/CAS

STERLING CORRY, ARNP, et al.,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff Michael Anthony Torrey initiated this case on November 20, 2014. ECF No. 4.[1] Mr. Torrey was incarcerated at Gulf Correctional Institution at the time, although this case challenges an incident which occurred while he was detained at the Florida State Hospital (hereinafter FSH) in August 2010. ECF No. 12. Mr. Torrey alleged that on one occasion he was administered a psycho-tropic drug without his consent and while being physically restrained. *Id.* at 6-7.

---

[1] Each document filed in this case is now referenced as "ECF No." (the Electronic Case File) followed by the document number.

Mr. Torrey was granted leave to proceed in forma pauperis, ECF No. 5, and his amended civil rights complaint (hereinafter complaint), ECF No. 12, was served on the only named Defendant in this case, Sterling Corry, an Advanced Registered Nurse Practitioner at FSH.  All other Defendants listed in the complaint were identified only as John Doe Defendants.  *Id.*

In response to the complaint, ECF No. 12, Mr. Corry filed a motion to dismiss, ECF No. 30, asserting that Mr. Torrey failed to exhaust his administrative remedies prior to filing suit.  It is argued that Mr. Torrey was a "prisoner" as defined by 42 U.S.C. § 1997e(h)[2] and, thus, was required to exhaust administrative remedies under § 1997e(a).[3]  ECF No. 30.

Plaintiff was given an opportunity to respond to the motion to dismiss. ECF No. 34.  Plaintiff's response was filed on November 30, 2015, and has been considered.  ECF No. 43.

---

[2] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).

[3] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

**Standard of Review**

The issue of whether a prisoner failed "to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)). Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." Bryant, 530 F.3d at 1374 (cited in Turner, 541 F.3d at 1082).

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner, 541 F.3d at 1082 (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. (citing to Bryant, 530 F.3d at 1373-74). 'If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082 (citing Bryant, 530

F.3d at 1373–74, 1376).[4]  The burden of proof for evaluating an exhaustion defense rests with the defendant.  Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Turner, 541 F.3d at 1082-83.

**Analysis of Exhaustion Defense**

Mr. Corry asserts in the motion to dismiss that "FSH has an extensive resident orientation program which has been formalized and is attached" to the motion to dismiss.  ECF No. 30 at 2; *see also* ECF No. 30-2 (Ex. 1). "FSH has a specific issue resolution protocol in place, which" was also attached to the motion to dismiss.  ECF No. 30 at 3; *see also* ECF No. 30-1 (Ex. 3).  The "Issue Resolution System" at FSH permits a resident to "seek informal resolution" of an issue "through their personal advocate, direct care staff, recovery team members or other staff members."  *Id.*  If the issue is not satisfactorily resolved at the informal step, a resident "may file

---

[4] "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Bryant, 530 F.3d at 1376.

a formal complaint in writing" using forms, stationary and envelopes provided by FSH." ECF No. 30 at 3; *see also* ECF No. 30-1 at 2 (Ex. 3).

An investigation of the issue must be completed within seven days. ECF No. 30 at 3; *see also* ECF No. 30-1 at 3 (Ex. 3). If a resident is not satisfied with resolution of the formal grievance, he or she may file an appeal to the Hospital Administrator. *Id.*

All grievances are "entered into a tracking system" and maintained in the Hospital Resident Advocacy Office. ECF No. 30 at 3. All issues are confidential and such files do not become part of the clinical record. *Id.*

Mr. Corry first points out that Mr. Torrey did not allege in the complaint that he "pursued or exhausted his administrative remedies." ECF No. 30 at 2. Further, Mr. Corry asserts that Mr. Torrey's "records do not contain any evidence" showing that he "availed himself of the complaint resolution procedures which were available." *Id.* at 4.

Further, it has been shown that Mr. Torrey was "arrested on March 18, 2009, and charged with first-degree premeditated murder as well as lesser felony offenses." ECF *Id.* at 2; *see also* ECF No. 30-1 at 1 (Ex. 1).

On March 30, 2010, Mr. Torrey was found incompetent to proceed[5] and he was involuntarily committed to FSH for psychiatric treatment. ECF No. 30 at 2; *see also* ECF No. 30-1 at 6 (Ex. 1). He was placed in a forensic program at FSH and housed in a "forensic wing for the Florida Department of Corrections." ECF No. 30 at 4.

Thus, at the time of the alleged incident, Mr. Torrey was detained in a state facility, having been accused of committing a crime, which meets the definition of "prisoner" as provided in 42 U.S.C. § 1997e(h). Accordingly, the grievance requirement was applicable to Mr. Torrey. Mr. Torrey's argument to the contrary, ECF No. 43 at 4, is rejected.

Mr. Corry has shown that no grievances were submitted by Mr. Torrey, and Mr. Torrey has not disputed that assertion. ECF No. 43. Instead, Mr. Torrey states only that he did not attend the resident orientation program. *Id.* at 3. That fact alone is not sufficient to overcome the exhaustion defense. Mr. Torrey has not disputed that he was unaware of the "Issue Resolution System" at FSH. More importantly, Mr. Torrey has not come forward with any evidence showing that he sought to raise his

---

[5] Mr. Torry was found "competent to proceed" on November 4, 2010. ECF No. 12 at 7; *see also* ECF No. 30-1 at 7 (Ex. 1).

Case No. 4:14cv623-RH/CAS

complaint with the administration of pysco-tropic drugs with officials at FSH. Because the issue of exhaustion is undisputed, he motion to dismiss for failure to exhaust administrative remedies should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 30, be **GRANTED**, this case be **DISMISSED** for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997(e),[6] and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 3, 2015.

   s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

---

[6] "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal for failure to exhaust remedies is counted as a strike under § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (holding that exhaustion is not a pleading requirement but an affirmative defense and stating it "is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim.").

Case No. 4:14cv623-RH/CAS

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**