IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL ANTHONY TORREY,

    Plaintiff,

v.                                     CASE NO. 4:14cv623-RH/CAS

STERLING CORRY, ARNP et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This prisoner civil-rights case is before the court on the magistrate judge's report and recommendation, ECF No. 44, and the objections, ECF Nos. 46 and 47. I have reviewed *de novo* the issues raised by the objections.

It is undisputed that at the time of the events at issue, the plaintiff was detained in a state mental-health facility for a competency evaluation in connection with pending criminal charges. The facility provided administrative remedies. The plaintiff did not pursue them.

When the defendant moved to dismiss for failure to exhaust administrative remedies, the plaintiff's only response was that as a person detained in a mental-

health facility for a competency evaluation, he was not a "prisoner." This was incorrect. As noted in the report and recommendation, the Prison Litigation Reform Act requires a "prisoner" to exhaust available administrative remedies, 42 U.S.C. § 1997e(a), and defines "prisoner" to include a person "detained in any facility who is accused"—not just convicted—of a crime. *Id.* § 1997e(h). The plaintiff was required to exhaust available administrative remedies but failed to do so. Dismissal is mandatory.

In his first set of objections, ECF No. 46, the plaintiff takes issue with the defendant's description of the underlying criminal charges. But the defendant's description of those charges is of no consequence. What matters is only that the defendant was detained, that administrative remedies were available, and that the plaintiff failed to exhaust them.

In his second set of objections, ECF No. 47, the plaintiff says, for the first time, that he was unaware of the administrative remedies that were available at the mental-health facility. That he was in such a facility for a competency evaluation provides some support for the assertion that he may have been less able than many prisoners to find and pursue administrative remedies. But the plaintiff was able to file this lawsuit. Nothing in the record suggests he was denied access to, or unable to pursue, the administrative remedies available at the facility. So even if the

plaintiff's assertion was timely—it was not—it would not save him from dismissal for failure to exhaust.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's opinion. The clerk must enter judgment stating, "The complaint is dismissed for failure to exhaust administrative remedies." The clerk must close the file.

SO ORDERED on January 21, 2016.

         s/Robert L. Hinkle
         United States District Judge